FILED 113
Mr. Stephen C. Bradford Commissioner Office of Administration State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Bradford:
This letter is in response to your predecessor's questions asking:
 "A. Pursuant to Section 111.801, RSMo Supp. 1975, is the State responsible for any costs in the 1976 primary and/or general elections where special propositions were submitted to the voters in addition to the primary and general candidates, and; if the answer is yes, what is the State's share of the election costs?
 "B. Pursuant to Section 111.801, RSMo Supp. 1975, is the State responsible for any costs in the election held on February 15, 1977, for filling a State Senate seat in the 28th District, and the election held on December 28, 1973, for filling a State Representative seat in the 12th District; and if the answer is yes, what is the State's share of the election costs?"
The request also states:
 "In 1976 in the general and primary elections, special propositions concerning statewide questions were submitted along with the ballots for the candidates in the primary and general elections. Jefferson County has submitted to the State the cost of the primary and general elections in 1976 in Jefferson County and is requesting that the State pay half of these costs pursuant to Section 111.801, RSMo Supp. 1975. Attached is the correspondence requesting payment by the State.
 "In an election held on February 15, 1977, for a State Senator in the 28th District, and an election held on December 28, 1973, for a State Representative in the 12th District, voters in the districts elected a Senator and a Representative to fill vacancies. Linn County and Macon County have submitted to the State the entire cost of holding these elections. Attached is the correspondence regarding these claims."
Section 111.801, RSMo Supp. 1975, provides:
 "1. All costs of any election, not otherwise provided for by law, shall be paid in equal portions by each authority submitting a question or proposition at the election.
 "2. When a question is submitted to a vote of all of the electors in the state, and no other question is submitted at the same election, all costs of the election shall be paid by the state.
 "3. After an audit by the commissioner of administration the state treasurer shall pay the amounts claimed by and due the respective political subdivisions out of moneys appropriated by the legislature for that purpose."
It is our understanding that the present confusion arises because of the last amendment to this section by Laws of Missouri 1971, p. 183, Section 1, which added what is now subsection 1 of Section 111.801 and assigned numbers to the subsequent two paragraphs which were taken from prior laws.
We note, for historical purposes, that the earlier provision on this subject was numbered Section 111.405, RSMo 1959, and it and subsequent amendments were interpreted by this office in Opinions No. 49, dated July 27, 1955, to Kirtley; No. 19, dated January 20, 1956, to Connett, No. 3, dated February 24, 1956, to Atterbury; No. 161, dated March 4, 1970, to Lawson; and No. 181, dated May 18, 1970, to Bauer.
We also note, for historical purposes, that Section 111.801 was first introduced in the legislative process in House Bill 149 of the 76th General Assembly containing the same provision as it did upon final passage.
It is our understanding that there is considerable confusion as to whether the terminology "not otherwise provided for by law" as contained in subsection 1 modifies "election" or whether it modifies "costs of any election". We further understand that there is considerable confusion as to precisely what the legislature intended by the use of the word "question" in conjunction with the use of the word "proposition" in such subsection.
We have given this subsection a thorough examination in light of our prior opinions on the subject of election costs, the history of the law and its relationship to other laws, and we are of the view that it is impossible to determine how the Missouri courts would resolve these questions.
In our view the legislative intent is not fairly determinable from the provision. The Missouri Supreme Court has in the past ruled that the court may consider a law void if it is too vague to permit reasonable interpretation. Missouri PacificRailroad Co. v. Morris, 345 S.W.2d 52 (Mo.Banc 1961). Such a holding is based on the view that where a statute is unduly vague an interpretation would be tantamount to legislation and thus would be improper under the constitutional prohibition respecting the separation of powers.
Similarly, it is our view that we would not be serving your office properly by unduly speculating as to the legislative intent. Therefore, it is our view that subsection 1 of Section 111.801 is too vague for reasonable interpretation insofar as expenditure of state funds is concerned and that accordingly, you should not attempt to make any expenditures of state funds based upon that section.
We further note that Section 111.801, RSMo Supp. 1975, has been repealed by Senate Substitute for House Bill 101, First Regular Session, 79th General Assembly, effective January 1, 1978, and therefore that the analysis contained herein pertains only to costs incurred under the old language.
Very truly yours,
 JOHN ASHCROFT Attorney General